```
            IN THE UNITED STATES DISTRICT COURT
          FOR THE MIDDLE DISTRICT OF PENNSYLVANIA
```

BIANCA A. BUCANO-GUERRA,      :
     Plaintiff
                              :

     vs.                      :   CIVIL NO. 1:CV-04-1292

                              :        (Judge Caldwell)
JO ANNE B. BARNHART,
Commissioner of               :   (Magistrate Judge Blewitt)
Social Security,
     Defendant                :


O R D E R

THE BACKGROUND OF THIS ORDER IS AS FOLLOWS:

This is an action under 42 U.S.C. § 405(g) and 42 U.S.C. § 1383(c)(3) to review the decision of Defendant, the Commissioner of the Social Security Administration, denying Plaintiff's application for supplemental security income under the Social Security Act. We are considering Plaintiff's objections to the Report and Recommendation of the United States Magistrate Judge which recommends that we deny Plaintiff's appeal.

Plaintiff's first objection is that the Magistrate Judge failed to properly evaluate the Administrative Law Judge's (ALJ) duty to develop the record for a pro se claimant. She argues that the ALJ had a duty to ask her treating physician for updated records, specifically Dr. Vergari's report dated September 11, 2003, prior to rendering his decision. The Defendant contends

that the ALJ did not err in failing to specifically request updated material from the Plaintiff's treating physician.

"An ALJ owes a duty to a *pro se* claimant to help him or her develop the administrative record." *Reefer v. Barnhart*, 326 F.3d 376, 380 (3d Cir. 2003)(emphasis in original). The Third Circuit does "prescribe any particular procedures that an ALJ must follow." *Id*. It is generally not the responsibility of the ALJ to obtain the most recent medical reports regarding the claimant's condition. *Hess v. Secretary of Health, Education and Welfare*, 497 F.2d 837, 841 (3d Cir. 1974). Minimally, the ALJ should "advis[e] the claimant of the importance of this information and [suggest] that it be submitted." *Id*. *See also Hippensteel v. Social Security Administration*, 302 F.Supp.2d 382, 390 (M.D. Pa. 2001)(Conaboy, J.).

In the instant case, we agree with the Magistrate Judge that the ALJ, in the notice of hearing dated November 17, 2003, informed the Plaintiff that she should submit any additional evidence that she wished to present as soon as possible. (Tr. 21). The notice also served to inform the Plaintiff of the importance of the hearing and record upon which her claim would be decided. Further, instead of having a hearing, the Plaintiff requested an on-the-record decision on December 1, 2003. (Tr. 12). This request came more that two months after Dr. Veragi's September report. The Plaintiff had been informed that she could submit more evidence to the ALJ before he rendered his decision

but she did not do so.  As such, we that the ALJ satisfied his obligation to inform the Plaintiff that she could submit additional evidence.[1]

The Plaintiff's second objection is that the Magistrate Judge failed to properly consider the functional limitations imposed by Dr. Vergari in his September 11, 2003, report. Presumably, this objection goes to the Magistrate Judge's recommendation as to whether the September report would support a remand to the Commissioner for further proceedings.  The Magistrate Judge found that the September report was cumulative of other evidence on the record and would not support a remand.  42 U.S.C. § 405(g) allows for a case to be remanded to the Commissioner based on new evidence if it can be shown that the evidence is material and that there is "good cause" for the Plaintiff's failure to submit the evidence to the ALJ in the first instance.  Assuming, *arguendo*, that the September report is new and material evidence, the Plaintiff has made no showing of "good cause" for her failure to submit the report to the ALJ in the first instance.  Thus, a remand is not warranted.

Plaintiff's third objection is that the Magistrate Judge failed to properly analyze the ALJ's statement that "[t]here is no mental...opinion that the claimant is completely disabled from

---

[1] We note that the Plaintiff submitted Dr. Pascal's opinion to the ALJ.  Dr. Pascal's opinion was dated September 10, 2003. Therefore, it appears that the Plaintiff knew that she could submit additional evidence to the ALJ.

3

performing her prior work." (Tr. 16). Specifically, she contends that this is in direct contradiction to Dr. Pascal's opinion that Plaintiff was temporarily incapacitated. (Tr. 247). From the outset, we note that it is clear that Dr. Pascal did not find the Plaintiff to be completely disabled due to her mental condition. Rather, he concluded that she was temporarily unable to work and should be re-evaluated in a year. (Tr. 247). Dr. Pascal's opinion was rendered on a medical assessment form for the Department of Public Welfare. The difficulty with these forms, however, is that they are basically checklists and short fill-in-the-blank questions. "[W]hile these forms are admissible, they are entitled to little weight and do not constitute 'substantial evidence' on the record as a whole." *O'Leary v. Schweiker*, 710 F.2d 1334, 1341 (3d Cir. 1983)(citation omitted). Considering the other evidence before the ALJ, specifically the evaluations from the Redco Group, which indicated that the Plaintiff had only moderate symptoms associated with her mental disorders, we cannot say that the ALJ erred in concluding that there was no opinion stating that the Plaintiff's mental status rendered her *completely* disabled. Further, we note that contrary to the Plaintiff's assertion, there is a "psychiatric review technique form" in the record (Tr. 172-185).

      The Plaintiff's final objection is basically a reservation of all other arguments presented in her brief to the Magistrate Judge. We have carefully reviewed the arguments

presented to the Magistrate Judge and the recommendations in his report.  We find no error in his recommendations.

AND NOW, this 27th day of June, 2005, upon consideration of the Report of the United States Magistrate Judge (Doc. 10), dated May 16, 2005, Plaintiff's objections thereto, and an independent review of the Record, it is Ordered that the Magistrate Judge's Report is adopted.  It is further Ordered, pursuant to the Magistrate Judge's recommendation, that Plaintiff's appeal is denied.  The Clerk of Court shall close the file.

    /s/William W. Caldwell
William W. Caldwell
United States District Judge